**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKY LEE PERRY, #05048891,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **3:06-CV-1207-D** |
| | **)** | **ECF** |
| **DALLAS COUNTY JAIL MEDICAL** | **)** | |
| **STAFF,** | **)** | |
| **Defendant.** | **)** | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendant is the Dallas County Jail Medical Staff. The Court did not issue process in this case, pending preliminary screening. On July 12, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on August 23, 2006, along with an amended complaint, which is identical to the original complaint.

Statement of Case: Plaintiff complains of lack of proper medical care for his left eye, left arm, and left leg beginning on or about August 17, 2005. (Amended Complaint at 4). He explains that his left leg had three staff infections, and that his left arm became infected "from

the IV needle for a syphilis & HIV test." (*Id.*). On November 6, 2005, Plaintiff was rushed to Parkland Hospital for emergency surgery for the infection in his left arm. (*Id.*). He requests monetary damages. (*See* Handwritten statement before answer to Question 6 of the Magistrate Judge's Questionnaire).

On November 30, 2005, Plaintiff filed a prior action in this Court complaining about the same medical care claims at issue in this case. *See Perry v. Dallas County Jail Medical Staff*, 3:05cv-2371-K (N.D. Tex., Dallas, Div.). On June 7, 2006, the District Court adopted the Magistrate Judge's findings and recommendation, and dismissed the complaint without prejudice for failure to exhaust state court remedies. The recommendation noted that Plaintiff had neither alleged that he had exhausted his administrative remedies, nor provided any reason for not exhausting his administrative remedies.

On July 6, 2006, Plaintiff filed this action, again failing to indicate whether he had exhausted his administrative remedies. (*See* Original and Amended Complaints at 3 ¶ III (question regarding exhaustion left unanswered). Attached to the complaint, however, were two letters from the Grievance Committee indicating that Plaintiff had filed two grievances on May 31, and June 16, 2006 (Nos. 062145 and 062392). (*See* Attachments to Original Complaint).

<u>Findings and Conclusions</u>: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

> complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).[1]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Before reaching the merits of Plaintiff's claims, the Court must determine whether he has exhausted his administrative remedies. Administrative exhaustion under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*,

[1] 42 U.S.C. § 1997e(c)(1) also provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Id.* at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *Moore v. Valdez*, 2006 WL 2215978, *2 (N.D. Tex. 2006).

Plaintiff did not fully exhaust the above administrative remedies, before filing the complaint in this case on July 6, 2006. It appears that on May 31 and June 12, 2006, he submitted two grievances about his medical needs, and that on July 13 and July 14, 2006, the Grievance Committee issued its responses finding that Plaintiff's medical conditions were previously addressed by the Medical Department and Parkland Jail Health. (*See* Attachments to Answer to Question 3). While Plaintiff states that he filed appeals to the Chief Deputy from the decisions of the Grievance Committee, he confirms that he has yet to receive an answer or

response. (*See* Answer to Questions 4 and 5).[2]

Plaintiff has not raised any valid excuse for failing to exhaust his available administrative remedies *before* filing the complaint in this case. In light of the statutory mandate of § 1997e(a), the District Court should dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. *See Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998) (affirming dismissal without prejudice because step 2 grievance was pending at time of filing complaint); *Aceves v. Felts*, 105 Fed. Appx. 604, 604-05 (5th Cir. 2004) (affirming dismissal without prejudice of *Bivens* action because appeal to Bureau of Prisons General Counsel was pending at time he filed suit); *Castro v. Crawfoot*, 102 Fed. Appx. 852 (5th Cir. 2004) (affirming dismissal without prejudice of § 1983 action for failure to exhaust administrative remedies because Step 2 grievance was submitted after filing of civil action); *Henderson v. Louisiana Dept. of Corrections*, 79 Fed. Appx. 53, 54 (5th Cir. 2003) (affirming dismissal without prejudice of § 1983 claim because grievance procedure was completed while suit was pending). *But see Underwood v. Wilson*, 151 F.3d 292, (5th Cir. 1998) (affirming dismissal with prejudice for purposes of proceeding IFP because Plaintiff choose to file and pursue suit prior to exhausting administrative remedies)*; Knighten v. Vogelgesang*, 119 Fed. Appx. 680 (5th Cir. 2005) (affirming dismissal with prejudice as frivolous of § 1983 action for failure to exhaust administrative remedies because grievances were still pending at the time of filing of the complaint).

---

[2] Plaintiff allegedly filed his appeals on July 5, 2006. (Answer to Questions 4 and 5). Such a date appears incorrect in light of the fact that the Grievance Committee did not issue its decisions until July 13 and 14, 2006, respectively. (Attachment to Answer to Question 3).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 28th day of September, 2006.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.